**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Alberto Sanchez, | No. CV 16-746-TUC-LAB |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan; et al., | |
| Respondents. | |

Pending before the court is the petitioner's "Motion to Request Additional Documents and Relevant Evidence from Trial Record," filed on May 25, 2017. (Doc. 20)

Also pending is the petitioner's "Motion to Request Full California Records of Alleged Crimes Used in State's Notice of Intent to Use Specific Instances of Conduct (Rule 404)," also filed on May 25, 2017. (Doc. 21)

Also pending is the petitioner's "Motion to Request Full California Records of Alleged Crimes Used in State's Notice of Intent to Use Specific Instances of Conduct (Rule 404) and Motion for Hearing," filed on June 23, 2017. (Doc. 30)

The petitioner, Christian Alberto Sanchez, does not show "good cause" to conduct discovery; his motions will be denied.

Background

Sanchez was convicted after a jury trial of "one count of molestation of a child, three counts of sexual abuse of a minor under fifteen, and one count of sexual conduct with a minor

under fifteen." (Doc. 14, pp, 3-4) The trial court sentenced Sanchez to an aggregate term of imprisonment of thirty-seven years. (Doc. 14, p. 4)

At trial, the state introduced evidence that Sanchez sexually abused R.H., the daughter of Sanchez's girlfriend, Shauna Fabian. (Doc. 1, p. 8); (Doc. 18-6, p. 3) The state also introduced "other-act" evidence pursuant to Ariz.R.Evid. 404(c) that Sanchez previously had sexually abused E.R., the daughter of Sanchez's ex-wife, Valerie Villa. (Doc. 1, p. 8); (Doc. 14, p. 5); (Doc. 16, p. 41)

On November 28, 2016, Sanchez filed in this court the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He claims (1) trial counsel was ineffective because (a) Valerie Villa should have been called as a witness at the other-acts hearing, (b) Garardo Belford, Sanchez's brother, should have been called to testify that E.R. made "ludicrous" allegations against him, (c) Danelle Barnett should have been called to testify about Villa's unsavory character and her animosity toward Sanchez, and (d) Paul Simpson, forensic psychologist, should have been called to rebut testimony offered by the state's expert, Wendy Dutton. (Doc. 1) He further claims (2) his rights to "due process of law" and "a fair trial" pursuant to "Amendments 5, 6, and 14 of the U.S. Constitution" were violated when the court admitted "other-act" evidence and testimony from the state's expert, Wendy Dutton. (Doc. 1, p. 46)

The respondents filed an answer in which they argue that Sanchez's due process/fair trial claim is procedurally defaulted while his ineffective assistance claim should be denied on the merits. (Doc. 13) Sanchez filed a reply on May 25, 2017. (Doc. 22) On the same day, he filed two of the pending motions for discovery. (Doc. 20); (Doc. 21) He filed his third discovery motion on June 23, 2017. (Doc. 30)

Discussion

Unlike a party to a normal civil action, a habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 1796-97 (1997). Rule 6(a) of the Rules Governing § 2254 cases permits discovery "only in the

discretion of the court and for good cause shown." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir.1999), *cert. denied*, 528 U.S. 1092. "A 'good cause' analysis requires the reviewing court to identify the 'essential elements' of the underlying substantive claim, and determine whether petitioner's allegations, if proven, would satisfy those elements and show the violation of a constitutional right." *Williams v. Hall*, 648 F. Supp. 2d 1222, 1225 (D. Or. 2009) (citing *Bracy*, 520 U.S. at 904, 117 S.Ct. at 1797).

Since *Bracy* was decided, the Supreme Court has held in *Pinholster* that a federal court analyzing a properly exhausted habeas claim is limited to the record that was before the state court when the claim was originally denied. *See Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388 (2011). The holding in *Pinholster* is an additional hurdle the petitioner must overcome if he is to establish "good cause" for habeas discovery.

In his first motion, Doc. 20, Sanchez asks for a CD player and a special program that will allow him to listen to "several CD discs which allegedly contain interviews of witnesses in this case." (Doc. 20, pp. 1-2) Apparently, Sanchez has in his possession CDs (compact discs) that appear on the trial Exhibit List and are labeled Exhibit J-1 and Exhibit 1A. (Doc. 26-1, pp. 3, 4); (Doc. 29, p. 4) (citing respondents' attachment 1) Exhibit J-1 is identified only as "C.D. in plastic case." (Doc. 26-1, p. 3) The accompanying notation states "admitted for purposes of the record only NOT TO GO TO THE JURY." *Id*. Exhibit 1A is identified as "C.D. in white paper sleeve." (Doc. 26-1, p. 4)

Apart from Sanchez's unsupported allegations, there is no indication as to what those discs contain. Accordingly, there is no way of knowing if they have any relevance to the two claims that Sanchez raises in his petition for writ of habeas corpus. The court will not authorize discovery that is nothing more than a "fishing expedition." *Calderon v. U.S. Dist. Court for the N. Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996). The fact that they might have been available to the trial court during Sanchez's jury trial is not enough to establish relevancy here.

Sanchez also asks for a "copy of recorded phone conversation in which Defendant allegedly stated he was going back to San Diego as stated in Moore's Testimony." (Doc. 20,

p. 2) (citing RT 7-6-10, p. 34, l. 22-23) Sanchez asserts in conclusory fashion that "this evidence is relevant for this case." *Id*.

The court has examined the motion transcript at the place indicated by Sanchez. In the transcript, Deputy Moore described how he first made contact with Shauna Fabian, who had reported that Sanchez had "inappropriately touched" her daughter. (Doc. 18-1, p. 17) Apparently, when Moore contacted her, she was talking on the telephone with Sanchez. She told Moore that Sanchez was "in a cab headed back downtown [to the Greyhound station]." (Doc. 18-1, p. 18); (R.T. , p. 34, l. 22-23) Moore activated a digital recording device to record the phone call, which had been put on the speaker phone. Moore did not recall whether or not *he* heard Sanchez say he was in a cab on his way to the Greyhound station. *Id.*, (Doc. 18-1, pp. 18-19) Sanchez was subsequently found in downtown Tucson near the Hotel Congress. *Id.*, p. 20; R.T. 37

Sanchez does not explain why this recording would be relevant to the claims in his petition. He may be arguing that if the recording does not support Shauna Fabian's assertion that Sanchez said he was on his way to the Bus Station, then this is evidence that Fabian is a liar, and his counsel should have used this information to impeach her credibility. And this recording, therefore, could be evidence that counsel was ineffective. This court, however, is limited to evaluating the state court's decision on the ineffectiveness issue in light of the evidence presented to it originally. This court cannot evaluate counsel's performance *de novo* based on evidence that was not given to the state court when the issue was exhausted. *See Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388 (2011). Accordingly, this recording is not relevant to the pending petition.

In the other pending motions, Doc. 21 and Doc. 30, Sanchez moves for permission to discover the California records pertaining to the abuse allegations made by E.R., some of which were introduced at trial as other-act evidence pursuant to Ariz.R.Evid. 404(c). (Doc. 1, p. 8); (Doc. 14, p. 5); (Doc. 16, p. 41) Sanchez alleges that the California authorities investigated those allegations and were about "to dismiss those false allegations" but the Arizona authorities requested that they refrain from dismissing those allegations until after the trial. (Doc. 30, p.

7) Apparently, Sanchez believes he was denied "evidence that [was] in the hands of the government" and this denial constitutes a *Brady* violation. (Doc. 30, pp. 7, 10); *see Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

Sanchez, however, does not raise a *Brady* claim in his pending petition for writ of habeas corpus. Accordingly, the evidence he seeks is not relevant. Without a showing of relevance, Sanchez cannot show "good cause." He therefore is not entitled to discovery or an evidentiary hearing. *See also U. S. ex rel. Nunes v. Nelson*, 467 F.2d 1380, 1380 (9th Cir. 1972) ("Appellant is not entitled to a discovery order to aid in the preparation of some future habeas corpus petition.").

IT IS ORDERED that Sanchez's motions for discovery and an evidentiary hearing are DENIED. (Doc. 20); (Doc. 21); (Doc. 30) He has not shown "good cause" as required by Rule 6(a) of the Rules Governing Habeas Corpus Cases Under § 2254.

DATED this 5th day of July, 2017.

_____
Leslie A. Bowman
United States Magistrate Judge