**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Alberto Sanchez, ) | CV 16-0746-TUC-LAB |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Charles L. Ryan; et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Pending before the court is a petition for writ of habeas corpus filed on November 28, 2016, by Christian Alberto Sanchez pursuant to 28 U.S.C. § 2254. (Doc. 1) Sanchez is currently incarcerated in the Arizona State Prison Complex in Florence, Arizona. *Id.*

Magistrate Judge Bowman presides over this case pursuant to 28 U.S.C. § 636(c). (Doc. 25)

The court finds that trial counsel did not render ineffective assistance at the Rule 404 hearing or at trial. Sanchez's due process claim is procedurally defaulted.

Summary of the Case

Sanchez was convicted after a jury trial of "one count of molestation of a child, three counts of sexual abuse of a minor under fifteen, and one count of sexual conduct with a minor under fifteen." (Doc. 14, pp, 3-4) The trial court sentenced Sanchez to an aggregate term of imprisonment of thirty-seven years. (Doc. 14, p. 4)

At trial, the state introduced evidence that Sanchez sexually abused R.H., the daughter of Sanchez's girlfriend, Shauna Fabian. (Doc. 1, p. 8); (Doc. 18-6, p. 3) The state also introduced "other-act" evidence pursuant to Ariz.R.Evid. 404(c) that Sanchez previously had sexually abused E.R., the daughter of Sanchez's ex-wife, Valerie Villa. (Doc. 1, p. 8); (Doc. 14, p. 5); (Doc. 16, p. 41)

On direct appeal, Sanchez argued that the trial court "abused its discretion when it allowed other-act evidence from a witness it found not to be credible." (Doc. 14, p. 5) He also argued that his sentence contained an erroneous twenty-dollar time payment fee. (Doc. 14, p. 7) The Arizona Court of Appeals affirmed his convictions but amended the sentencing order by vacating the time payment fee. (Doc. 14, p. 8) The Arizona Supreme Court denied his petition for review on June 6, 2012. (Doc. 14-10, p. 2)

On September 20, 2012, Sanchez filed a notice of post-conviction relief (PCR). (Doc. 14, p. 95) He argued trial counsel was ineffective for (1) failing to call a child-memory expert at the Rule 404 hearing and at trial and (2) failing to call certain fact witnesses: (a) Valerie Villa, the mother of the other-acts victim, E.R.; (b) Gerardo Belford, Sanchez's brother; and (c) Danelle Barnett, Sanchez's former girlfriend. (Doc. 16, p. 41) The PCR court conducted an evidentiary hearing where it heard testimony from a forensic psychologist, Paul Simpson, and the trial counsel, Kevin Burke. The PCR court denied the petition on the merits on August 7, 2014. (Doc. 16, pp. 41-45) On March 16, 2015, the Arizona Court of Appeals granted review but denied relief adopting the PRC court's reasoning. (Doc. 16, pp. 72-74) The Arizona Supreme Court denied Sanchez's petition for review on December 1, 2015. (Doc. 16-9, p. 2)

On November 28, 2016, Sanchez filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He claims (1) trial counsel was ineffective because (a) Valerie Villa should have been called as a witness at the other-acts hearing, (b) Garardo Belford, Sanchez's brother, should have been called to testify that E.R. made "ludicrous" allegations against him, (c) Danelle Barnett should have been called to testify about Villa's unsavory character and her animosity toward Sanchez, and (d) Paul Simpson, forensic psychologist, should have been called to rebut testimony offered by the state's expert, Wendy

Dutton. (Doc. 1) He further claims (2) his rights to "due process of law" and "a fair trial" pursuant to "Amendments 5, 6, and 14 of the U.S. Constitution" were violated when the court admitted "other-act" evidence and testimony from the state's expert, Wendy Dutton. (Doc. 1, p. 46)

The respondents filed an answer in which they argue that Sanchez's due process/fair trial claim is procedurally defaulted while his ineffective assistance claim should be denied on the merits. (Doc. 13) Sanchez filed a reply on May 25, 2017. (Doc. 22)

Standard of Review

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

"[The] standard is intentionally difficult to meet." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of th[e] [Supreme] Court's decisions." *Id.*

A decision is "contrary to" Supreme Court precedent if that Court already confronted "the specific question presented in this case" and reached a different result. *Woods*, 135 S.Ct.

at 1377. A decision is an "unreasonable application of" Supreme Court precedent if it is "objectively unreasonable, not merely wrong; even clear error will not suffice." *Id*. at 1376. "To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. (punctuation modified)

If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal habeas review is limited to those issues that have been fully presented to the state courts. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, a claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 888 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing

- 4 -

state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the Arizona Court of Appeals for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been properly exhausted, the petition may not be granted and ordinarily should be dismissed without prejudice. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to properly exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the claim on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "To qualify for the fundamental miscarriage of justice exception to the procedural default rule, however, [the petitioner] must show that a constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

If a claim is procedurally defaulted and is not excused, the claim will be dismissed with prejudice because the claim was not properly exhausted and "the petitioner has no further recourse in state court." *Franklin*, 290 F.3d at 1231.

Discussion

In Claim (2), Sanchez argues his rights to "due process of law" and "a fair trial" pursuant to "Amendments 5, 6, and 14 of the U.S. Constitution" were violated when the court allowed

- 5 -

"other-act" evidence and evidence from the state's expert, Wendy Dutton. (Doc. 1, p. 46) As the respondents correctly note, this claim was not properly exhausted.

Sanchez states this issue was presented in his direct appeal. (Doc. 1, p. 46) He is incorrect. On direct appeal, Sanchez argued that the trial court abused its discretion when it allowed the other-act evidence to be introduced at trial. He argued the court's ruling violated Ariz.R.Evid. 404(b) and (c). (Doc. 14, p. 39) He did not argue that this ruling violated the Federal Constitution. A petitioner must make the federal basis of the claim explicit. *See Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). Sanchez did not do that. This issue was not properly exhausted.

Sanchez did argue that admission of Wendy Dutton's testimony violated his Federal Constitutional rights to due process and a fair trial. (Doc. 14, p. 44) This argument appears in his opening brief before the Arizona Court of Appeals. *Id*. In his reply brief, however, he withdrew the issue from that court's consideration. (Doc. 14, p. 75) This issue, therefore, was not considered on the merits by the state court. (Doc. 14, p. 4, n. 1) Accordingly, it was not properly exhausted.

Moreover, Sanchez cannot go back to state court and raise his issues now; they are precluded. *See* Ariz.R.Crim.P. 32.2(a), 32.4(a). Claim (2), therefore, is procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). In his reply, Sanchez denies that this claim is procedurally defaulted. (Doc. 22, p. 2) But, he does not explain his reasoning. *Id*. Assuming it is defaulted, he asserts in conclusory fashion that this default can be excused. *Id*. But, he does not explain his reasoning here either. *Id*. The court finds Sanchez's procedural default is not excused.

In Claim (1), Sanchez argues trial counsel was ineffective for failing to call particular witnesses at the Rule 404 hearing and at trial. The respondents concede this claim was properly exhausted.

To succeed on an ineffective assistance claim, the habeas petitioner must prove "his counsel's performance was deficient in violation of the Sixth and Fourteenth Amendments" and

"he was prejudiced by counsel's deficient performance." *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014).

"Counsel is constitutionally deficient if the representation fell below an objective standard of reasonableness such that it was outside the range of competence demanded of attorneys in criminal cases." *Clark*, 769 F.3d at 725 (punctuation modified). "When evaluating counsel's conduct, [the court] must make every effort to eliminate the distorting effects of hindsight, and to evaluate the conduct from counsel's perspective at the time." *Id*.

"A defendant is prejudiced by counsel's deficient performance if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Clark*, 769 F.3d at 725. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Because hindsight is 20/20, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. State court review of counsel's performance is therefore highly deferential. Federal court review on habeas is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190, 131 S. Ct. 1388, 1403 (2011).

Sanchez argues first that trial counsel was ineffective for failing to call Valerie Villa, the mother of E.R., to testify at the Rule 404 hearing. He believes her testimony would have established that a considerable period of time had elapsed between the alleged prior acts and E.R.'s present accusations. (Doc. 1, p. 10) He also believes her testimony would have established that she had a "reputation for being untruthful" and "had many motives to conjure falsehoods against [the] defendant." (Doc. 1, p. 10)

The PCR court[1], however, found that trial counsel acted appropriately. (Doc. 16, pp. 43-44) At the Rule 404 hearing, the trial court was interested in E.R.'s demeanor and credibility.

---

[1] This court examines the decision of the PCR court because the Arizona Court of Appeals explicitly adopted that court's reasoning and this court looks to the last reasoned state court decision. (Doc. 16, pp. 72-74)*; Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

- 7 -

*Id.* It was not particularly interested in testimony from Villa. *Id.* Trial counsel was aware of this and acted accordingly. *Id.* Moreover, the trial court was already aware of Villa's prejudice against Sanchez and her desire to influence E.R.'s accusations. *Id.* Additional testimony from Villa would not have affected the court's ultimate decision. *Id.* Trial counsel's decision not to call Villa at the evidentiary hearing was a reasonable strategic choice. *Id.* His decision did not cause Sanchez prejudice. *Id.*

Sanchez further claims trial counsel was ineffective for failing to present testimony from Garardo Belford, his brother, and Danelle Barnett, his ex-girlfriend. He argues Belford should have been called to testify that E.R. made "ludicrous" allegations against him, presumably to impeach her credibility. (Doc. 1, p. 34) Barnett should have been called to testify about Villa's unsavory character and her animosity toward Sanchez. (Doc. 1, pp. 34-35)

The PCR court found that trial counsel "investigated and/or considered introducing much of the evidence from the additional witnesses that Sanchez claims would have helped his defense." (Doc. 16, p. 44) Furthermore,"[t]rial counsel gave reasonable explanations for not introducing this evidence." *Id.*

At the time, Belford was being investigated by the San Diego Police in connection with E.R.'s molestation charges against him. (Doc. 16, p. 44) It is likely that Belford's counsel would have advised him not to testify. *Id.* If he had testified, his testimony would not have been given much weight because he is Sanchez's brother. *Id.* The PCR court further found that Belford's proposed testimony about the truth of E.R.'s accusations would not have been admissible.[2] *Id.* (citing Ariz.R.Evid. 608(b)) And if it had been permitted, it could have backfired on Sanchez, because Belford's testimony could have opened the door to prior-act evidence that the trial court had already precluded. *Id.* The PCR court concluded that trial counsel's decision not to call Belford was not deficient performance and did not cause Sanchez prejudice. *Id.*

---

[2] "[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604 (2005).

The PCR court further found that Barnett's proposed testimony would have been inadmissible. (Doc. 16, p. 44) (citing Ariz.R.Evid. 405(a) and 608) And if it had been permitted, it would have been only minimally persuasive because of her bias toward Sanchez. *Id*. The PCR court found that trial counsel's decision not to call Barnett to testify was not deficient performance and did not cause Sanchez prejudice. *Id*.

Finally, Sanchez claims trial counsel was ineffective for failing to present expert testimony. (Doc. 16, pp. 42-43) Again, the PCR court found that counsel's decisions were "strategic, reasonable, and didn't cause prejudice." *Id*.

At the Rule 32 evidentiary hearing, Sanchez's expert, Paul Simpson, testified to "essentially the same information the State's expert testified to at trial." (Doc. 16, p. 42) He did not agree with the state's expert's opinion of flashbacks, but this evidence was not allowed at trial. *Id*. The PCR court concluded that Sanchez's expert "would have added little value." *Id*. The trial court was already aware that E.R. was "swayed by the opinions of others around her." *Id*., pp. 42-43. It knew that E.R. was "very, very angry at the defendant and supportive of her mother, and her mother's view of the defendant . . . and influenced by the fact that her mother wants her to remember every little detail so that the defendant can go to jail forever." *Id*., p. 43. Therefore, it is unlikely that the proposed expert testimony would have changed the outcome of the Rule 404 hearing. *Id*.

The PCR court further found that trial counsel's decision not to call an independent expert at trial was a reasoned tactical decision. (Doc. 16, p. 43) Trial counsel was confident that he could get the testimony he needed by cross-examining the state's expert, and he was correct. *Id.* Moreover, he believed that by using the state's expert he would avoid the credibility issue that would arise if the same testimony were presented by his "hired gun." *Id.* After the cross-examination, trial counsel decided that he had all the expert testimony he needed and he did not need to call his own expert. *Id.* The PCR court found trial counsel's performance was not deficient and did not cause Sanchez prejudice. *Id.*

The PCR court's denial of this claim on the merits did not result in a "decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Neither did it "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases, requires that in habeas cases "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Here, the court declines to issue a certificate of appealability because the petitioner has not "made a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find the court's conclusions and ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000). Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus is DENIED. (Doc. 1) Trial counsel did not render ineffective assistance at the Rule 404 hearing or at trial. Sanchez's due process claim is procedurally defaulted.

IT IS FURTHER ORDERED DENYING the petitioner a certificate of appealability.

The Clerk is directed to prepare a judgment and close the case.

DATED this 6th day of July, 2017.



Leslie A. Bowman
United States Magistrate Judge

- 10 -