WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Alberto Sanchez, ) | CV 16-0746-TUC-LAB |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Charles L. Ryan; et al., ) | |
| Respondents. ) | |

Pending before the court is the petitioner's motion for reconsideration filed on July 21, 2017. (Doc. 35)

The petitioner, Christian Sanchez, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 28, 2016. (Doc. 1) On July 7, 2017, this court denied the petition. (Doc. 32) The court concluded that Sanchez's trial counsel did not render ineffective assistance at the Rule 404 hearing or at trial. *Id*. His claim that the trial court's admission of "other act" evidence violated due process was procedurally defaulted. *Id*. Sanchez now seeks reconsideration of that order. (Doc. 35)

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of

asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

In the pending motion, Sanchez argues that this court wrongly denied his petition. (Doc. 35) He advances a new argument that trial counsel, the prosecutor, and the trial court conspired to present false evidence at trial. *Id*. He presents no evidence in support of his argument however. *Id*. Sanchez further argues this court should have allowed him to conduct discovery, which would have enabled him to prove his innocence. *Id*.

The arguments raised by Sanchez do not justify reconsideration. He does not present newly discovered evidence. *School Dist. No. 1J, Multnomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). He has not shown that the court "committed clear error or the initial decision was manifestly unjust." *Id*. Neither does he argue that "there is an intervening change in controlling law." *Id*. His arguments concerning discovery fail to appreciate this court's standard of review under the AEDPA. 28 U.S.C. § 2254. Accordingly,

IT IS ORDERED that the petitioner's motion for reconsideration filed on July 21, 2017, is DENIED. (Doc. 35)

DATED this 11th day of August, 2017.

*Leslie A. Bowman*

Leslie A. Bowman
United States Magistrate Judge

- 2 -